IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERZELLE M. THOMAS, Individually and on behalf of the Estate of SAMUEL THOMAS, Decedent, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-06-609 |
| S.H.R.M. CATERING SERVICES, INC. d/b/a EUREST SUPPORT SERVICES, and DANOS & CUROLE MARINE CONTRACTORS, INC., | § § § § § | RULE 9(h) ADMIRALTY |
| Defendants. | § | |

**ORDER DENYING DEFENDANT EUREST SUPPORT SERVICES, INC.'S RULE 12(b) MOTION TO DISMISS BASED ON FAILURE TO JOIN AN INDISPENSABLE PARTY AND GRANTING DEFENDANT EUREST SUPPORT SERVICES, INC.'S MOTION TO TRANSFER VENUE**

Plaintiff Jerzelle M. Thomas, individually and on behalf of the Estate of Samuel Thomas, Decedent ("Plaintiff"), brings this action against Defendant S.H.R.M. Catering Services, Inc., d/b/a Eurest Support Services ("Eurest"), and Defendant Danos & Curole Marine Contractors, Inc. ("D&C"), in admiralty and pursuant to 28 U.S.C. § 1333, the general maritime law, and the Jones Act, 46 U.S.C. § 688. Eurest filed a Motion to Dismiss Based on Failure to Join an Indispensable Party and in the Alternative Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). D&C joined the Motion. Defendants are requesting a transfer to the Eastern District of Louisiana, New Orleans Division. Plaintiff filed a timely Response, to which Eurest replied. Plaintiff also filed a Sur-reply. For the reasons stated below, Eurest's Motion to Dismiss is **DENIED**, and Eurest's Motion to

Transfer Venue to the Eastern District of Louisiana, New Orleans Division, is **GRANTED**.[1]

**I. Background**

On April 18, 2005, Decedent Samuel Thomas ("Thomas") allegedly slipped and fell down a set of stairs while working as a steward aboard the M/V DIXIE PATRIOT. Thomas sustained an injury to his leg and right ankle, which was diagnosed as a comminuted fracture of the os calcis. Eight months later and allegedly as a result of either the accident or improper medical care, Thomas's foot or heel was operated on and became infected. On December 19, 2005, at thirty years of age, Thomas died. The causes of death listed on the Death Certificate are cardiac arrhythmia, sepsis, infection of the right foot, and diabetes. (Def.'s Mot. Ex. E.)

**II. Failure to Join an Indispensable Party**

Federal Rule of Civil Procedure 19 establishes the standards for joinder of necessary and indispensable parties. Eurest's Motion argues that the doctor and hospital involved in Thomas's surgery are indispensable parties that cannot be joined due to lack of personal jurisdiction, and that the case should therefore be dismissed. *See* Fed. R. Civ. P. 19(b) (enumerating factors to consider in determining whether the case should be dismissed when a necessary party cannot be joined). The rule demonstrates, however, that the requisite analysis presents a threshold question of whether the party is *necessary*. *See* Fed. R. Civ. P. 19(a). In order to secure dismissal for failure to join a party, the defendant must show "that there is at least one party: (1) who should be joined if feasible (a necessary party), (2) whose joinder is not feasible, and (3) in whose absence the action cannot proceed in equity and good conscience (an indispensable party)." *James v. Valvoline, Inc.*, 159 F. Supp. 2d

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

544, 550 (S.D. Tex. 2001); *see also Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S. Ct. 315, 316, 112 L. Ed. 2d 263 (1990) ("[N]o inquiry under Rule 19(b) is necessary [where] the threshold requirements of Rule 19(a) have not been satisfied."). The movant bears the burden of proving each element, namely necessity, unavailability, and indispensability. *See James*, 159 F. Supp. 2d at 550 (citing *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987)).

In *Temple v. Synthes Corp.*, the United States Supreme Court held that joint tortfeasors are "merely permissive parties" under Rule 19. *Temple*, 498 U.S. at 8, 111 S. Ct. at 316; *see also id.* at 7, 111 S. Ct. at 316 ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). The facts of *Temple* are analogous to the instant case. In *Temple*, a doctor and hospital, though joint tortfeasors in a products liability lawsuit arising out of a plate and screw device that was implanted into the plaintiff's lower spine, were not indispensable parties under Rule 19. *See id.* at 6–7, 111 S. Ct. at 315–16. The *Temple* defendant alleged that the plaintiff's injury may have been caused by negligence on the part of the doctor and hospital, but the Supreme Court did not consider the overlapping claims of the alleged joint tortfeasors enough to make the doctor and hospital indispensable parties. *See id.* at 7, 111 S. Ct. at 315. In the instant case, Eurest alleges that the doctor and hospital are joint tortfeasors because Thomas's injuries are partly attributable to the doctor's or hospital's negligence. Under *Temple*, the doctor and hospital, as joint tortfeasors, are considered permissive parties, not indispensable parties. Therefore, Eurest's Motion to Dismiss for Failure to Join an Indispensable Party is **DENIED**.

### III.  Motion to Transfer Venue

*A.  Legal Standard*

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2000). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

B. *Analysis*

    1. *The Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp.

at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Eurest claims that the Eastern District of Louisiana is a more convenient forum for most of the key witnesses, including certain Eurest and D&C employees, all of the Parties, all of the physicians who treated Thomas, the hospital employees, and the coroner. Plaintiff claims that this forum is more convenient for her economist and that it is not inconvenient for Eurest or D&C because both corporations have extensive contacts with Texas. The Court will consider and weigh the convenience of each witness or set of witnesses discussed by Eurest and Plaintiff in turn.

Eurest first contends that the testimony of many members of the D&C crew will be essential. Plaintiff does not dispute that such testimony will be necessary. (Pl's Sur-Reply 2.) Plaintiff claims, though, that the convenience of the crewmembers militates against transfer because the crewmembers hail from five different states, rendering any forum inconvenient for some of them. The Court agrees that neither Louisiana nor Texas will be convenient for all of the crewmembers, but disagrees that this factor militates *against* transfer. Instead, the convenience of scattered witnesses does not factor into the analysis at all. Furthermore, the crewmembers are employees of D&C. The convenience of a defendant's employees is of little importance in a venue analysis because the defendant may compel their attendance. *See Continental Airlines*, 805 F. Supp. at 1397 (The convenience of employees of Defendants "is entitled to less weight because [Defendants] will be able to compel their testimony at trial."); *see also Walter Oil & Gas Corp. v. Teekay Shipping*, 270 F. Supp. 2d 855, 861 (S.D. Tex. 2003) ("[T]he Court finds that these witnesses' convenience is entitled to little consideration because they are [the defendant's] employees."); *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 674 (S.D. Tex. 2003) ("The Court would normally discount the inconvenience of Defendant's employees

5

who witnessed the accident since their testimony can be compelled."); *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 731 (S.D. Tex. 2002) ("[T]hese witnesses are entitled to less deference since most are [the defendant's] employees.").

Eurest also claims that its HSE Director,[2] who resides in Louisiana, will be inconvenienced if the case remains in this forum. The HSE Director will testify concerning the lack of witnesses to the accident, the accident report, Thomas's job responsibilities, contact with Thomas, and Eurest policies and procedures. The HSE Director is Eurest's employee, and his convenience, like that of the D&C crewmembers, is of little consequence.

Eurest next claims that all of the Parties are from Louisiana and will be inconvenienced by a Texas trial. Plaintiff chose this forum, so it is presumed that this forum is convenient for her. And, while D&C and Eurest are both Louisiana corporations, Plaintiff points out that both corporations have substantial contacts with Texas. So, while Texas may be somewhat less convenient for D&C and Eurest, it is not a significantly inconvenient forum, and is thus of minimal consideration in the venue analysis.

Eurest's final contention regarding the convenience of witnesses is that the testimony of the physicians, hospital employees, and coroner are all essential because the true cause of Thomas's death is at issue. Plaintiff claims that Eurest overstates the importance of the medical testimony in this case because the key issues in this case, as outlined in its Complaint, are (1) the physical condition of the vessel; (2) the operational safety of work occurring on the vessel; and (3) Thomas's post-accident medical care. (Pl.'s Sur-Reply to Reply in Supp. of Mot. to Transfer 1–2.) While the Court agrees

---

[2]The Parties did not provide an explanation for the meaning of "HSE," but the Court assumes it is referring to a key employee in charge of either health and safety or human resources.

that the issues presented in this case extend beyond the medical testimony, the Court is convinced that the testimony of the medical providers is key testimony. The coroner listed cardiac arrhythmia, sepsis, infection of the right foot, and diabetes as the causes of death. In order to establish causation, Plaintiff will be required to link Thomas's death with the original injury. Accordingly, the extent to which each potential cause of death is related to the injury Thomas allegedly suffered when he slipped and fell aboard the M/V DIXIE PATRIOT is extremely important. The testimony of the medical providers listed by Eurest will either support that link or break it. Therefore, the fact that the Eastern District of Louisiana is more convenient for the medical providers weighs heavily in this analysis.

The only key witness Plaintiff presents that will be inconvenienced by a transfer to the Eastern District of Louisiana is her economics expert, who resides in Houston. However, Plaintiff can compel her economist to testify, so the economist's convenience is given little if any weight, and certainly does not outweigh the convenience of the Louisiana medical providers discussed above.

In sum, the convenience of the Parties, of Plaintiff's economics expert, and of Eurest and D&C employees does not bear significant weight in the analysis. However, given the specific factual scenario presented by this case, the convenience of the medical providers weighs heavily in favor of transfer.

*2. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient for all the parties involved." *Id.* So, while the costs of obtaining the attendance of witnesses and other trial expenses is a factor in the transfer analysis, it is not a substantial factor.

Taking into consideration the locations of key witnesses above, it appears that there are more witnesses who will be required to travel if the case remains in the Southern District of Texas, which would inevitably result in additional costs. Thus, this factor, though not a substantial factor, weighs slightly in favor of transfer.

### 3. Location of Books and Records

The location of books and records is generally of little importance in personal injury cases. Here, Eurest claims that all of Thomas's medical records and employment records are in Louisiana. However, Eurest has not given the Court any indication that the records located in Louisiana are so voluminous as to cause Eurest or D&C to incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana]."). Thus, this factor weighs neither for nor against transfer.

### 4. Plaintiff's Choice of Forum

Plaintiff's decision to litigate this case in Texas is generally entitled to great deference. *See Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp. 2d 664, 670 (S.D. Tex. 2002). Plaintiff's choice of forum is entitled to less deference if Plaintiff does not reside in the forum. *See, e.g., Robertson* 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). The amount of deference given to a non-resident plaintiff is further reduced if the case has no connection to this forum. *See Robertson*, 979 F. Supp. at 1109. Here, Plaintiff is a resident of Louisiana, and Thomas was a Louisiana resident. The alleged accident occurred off the coastline of Louisiana, both Defendants are Louisiana corporations, and Thomas was treated in, had surgery in, and developed the

8

complications that allegedly led to his death in Louisiana. The only connections to Texas are that Plaintiff chose this forum and that Plaintiff's economist resides in Houston. Thus, Plaintiff's choice of forum is of very little significance in this case.

### 5. *Place of the Alleged Wrong*

The place of the alleged wrong is an important factor in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 732 (S.D. Tex. 2002). Here, the alleged wrong occurred while Thomas was on navigable waters off the coast of Louisiana, and the allegedly negligent medical care also occurred in Louisiana. Thus, this factor weighs in favor of transfer.

### 6. *Potential for Delay*

Any transfer will produce some delay, and Plaintiff must show that a transfer at this stage would cause a significant or unusual delay in order for this factor to be relevant. *See In Re: Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of delay or prejudice might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case is set for trial on September 29, 2007. Plaintiff claims that "[a]ny transfer at this stage is not likely to expedite matters and could produce delay." (Pl.'s Resp. in Opp. to Mot. 12–13.) The Court agrees that a transfer *could* produce delay, but Plaintiff has not met her heavy burden of showing that transfer would cause significant or unusual delay. Therefore, this factor does not weigh for or against transfer.

The only factor that weighs in favor of retention is Plaintiff's choice of forum, and, in this case, that factor bears very little weight. The remainder of the factors are either neutral or weigh in favor of transfer, and the convenience of key witnesses factor weighs heavily in favor of transfer. Thus, Eurest's Motion to Transfer Venue to the Eastern District of Louisiana is **GRANTED**.

## IV. Conclusion

For the reasons stated above, Eurest's Motion to Dismiss for Failure to Join an Indispensable Party is **DENIED**. Eurest's Motion to Transfer Venue to the Eastern District of Lousiana is **GRANTED**. This case is hereby **TRANSFERRED** to the Eastern District of Louisiana, New Orleans Division. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 27th day of February, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge